UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Derek Mortland**, individually )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**Om Mahate Namah Inc.**, an Ohio corporation )<br>for profit )<br>)<br>And )<br>)<br>**Nimesh Arora,** an individual )<br>)<br>**And** )<br>)<br>**Nutan Arora**, an individual<br><br>Defendants. | Case No. 5:22-cv-402<br><br>Judge |

NOW COMES Derek Mortland, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Counsel for Plaintiff, who hereby files this Complaint against the named Defendants for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188 *et seq.*, against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which

1

governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendants' property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Derek Mortland ("Plaintiff" or "Mr. Mortland"), is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendants **Nimesh Arora** and **Nutan Arora** ("Arora Defendants") owned the property located at 789 E. Milltown Rd., Wooster, OH 44691 in Wayne County, Ohio, which is a hotel known as "Days Inn by Wyndham Wooster" between the dates of March 21, 2021 until January 5, 2022. Plaintiff patronized the hotel property and the facilities thereon as an overnight guest during the pendency of the Arora Defendants ownership of this place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Defendant **Om Mahate Namah Inc.** purchased the property located at 789 E. Milltown

2

Rd., Wooster, OH 44691 in Wayne County, Ohio, which is a hotel known as "Days Inn by Wyndham Wooster" on or about January 5, 2022. The Om Mahate Namah Inc. Defendant presently owns the property wherein the Plaintiff was an overnight guest previously as a place of public accommodation and where he has experienced the barriers to access complained of herein. Om Mahate Namah Inc.'s possession dictates that it is the only entity who may afford Plaintiff the injunctive relief requested.

7. The hotel currently owned, previously owned, or operated by the Defendants is non-compliant with the remedial provisions of the ADA. As Defendants either own or previously owned, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' hotel is a place of public accommodation. Defendants' property fails to comply with the ADA and its regulations, as also described further herein.

8. Upon information and belief, the hotel previously owned, currently owned or operated by the Defendants was originally built commencing in 1995 and granted permits for occupancy in 1996 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

9. Mr. Mortland is paralyzed as a result of a spinal cord injury and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the

ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

10. Mr. Mortland is a Franklin County, Ohio resident and is employed as an ADA speaker, consultant, expert and coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for private clients throughout Ohio and in Wooster, Ohio.

11. On November 11-12, 2021, Plaintiff was an overnight lodging patron the Defendants' hotel as *bona fide* guest, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendants' place of public accommodation.

12. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

    Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the hotel, encountered barriers to access at the hotel, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Om Mahate Namah Inc. defendant. Plaintiff desires to visit the Om Mahate Namah Inc. defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel without fear of discrimination.

14. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

15. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of the hotel owned, previously owned, or operated by Defendants has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

Accessible Routes

    A. There are interior steps without handrails on both sides, in violation of the ADA whose remedy is readily achievable.

    B. There are stairways with open risers, in violation of section 4.9.2 of the 1991 ADAAG and section 504.3 of the 2010 Standards, whose remedy is readily achievable.

    C. There are open flights of stairs whose risers are on located on the circulation path and are protruding objects without the required areas of cane detection for the visually impaired, in violation of the ADA whose remedy is readily achievable.

    D. There are carpets or mats inside the hotel that are not permanently affixed, in violation of the ADA whose remedy is readily achievable.

    E. There is no compliant accessible route from designated accessible parking to hotel points of entry, in violation of the ADA whose remedy if readily achievable.

    F. Entrance doors throughout the hotel do not have the required maneuvering clearance at the latch side to enter, in violation of the ADA whose remedy if readily achievable.

    G. There is no marked passenger loading zone access aisle at the hotel entrance vehicle pull-up space, in violation of the ADA whose remedy is readily achievable

Parking

    H. The existing designated accessible parking access aisles do not lead to an accessible route due to the presence of curbs and non-compliant curb ramps, in violation of the DA whose remedy is readily achievable.

    I. Some designated accessible parking access aisles do not meet the required width, in violation of the DA whose remedy is readily achievable.

    J. Designated accessible parking surfaces and adjoining access aisles have slopes from between 4% reaching up to approximately 8%, whereas 2% is the maximum permissible ground surface slope of a accessible parking space, in violation of the DA whose remedy

    is readily achievable.

K. The designated accessible parking surfaces have not been maintained as evidenced by cracked pavement and fading paint, in violation of the ADA whose remedy is readily achievable.

L. There are curb ramps with an excess slope reaching up to 14%, in violaion of the ADA whose remedy is readily achievable.

M. There are built up curb ramps extending into parking access aisles, whereas access aisles must be on the same level as the parking spaces they serve and extend the length parking space, in violation of the ADA whose remedy is readily achievable.

Designated Accessible Guestroom #112

N. The guestroom door lacks required maneuvering clearance at the latch side to exit, in violation of the ADA whose remedy is readily achievable.

O. The curtain adjuster requires tight grasping or twisting to operate and is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

P. The guestroom lacks required maneuvering clearance to access some amenities including light fixtures, in violation of the ADA whose remedy is readily achievable.

Q. The guestroom lacks required maneuvering clearance around the bed, in violation of the ADA whose remedy is readily achievable.

R. The lock on the guestroom door requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

S. The bathroom pocket door requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

T. The grab bars around the water closet are non-compliant, whereas the rear grab bar is 24 and not 36 inches along and the side grab bar is 36 and not 42 inches and does not extend the required length from the back wall, in violation of the ADA whose remedy is readily achievable.

U. The restroom vent controls require tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

V. The faucet controls are not located between the open side of the bathtub and the centerline of the width of the bathtub, in violation of the ADA whose remedy is readily achievable.

W.  The handheld shower sprayer is not equipped with non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

X.  The bathtub grab bars are non-compliant and mounted at improper heights, in violation of the ADA whose remedy is readily achievable.

Y.  The lavatory impedes the required clear floor space to access the bathtub, in violation of the ADA whose remedy is readily achievable.

Z.  There are bathroom and guestroom amenities, closet rack, iron, towel rack, towel hooks, and hair dryer, located above the allowable reach range, in violation of the ADA whose remedy is readily achievable.

AA.  There are light fixtures whose clear floor space is blocked by furniture, preventing access by wheelchair users, in violation of the ADA whose remedy is readily achievable.

BB.  The pedestal table in the room lacks required knee and toe clearances for use by guests who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

CC.  The centerline of the water closet is not 16 inches minimum to 18 inches maximum from the side wall, in violation of the ADA whose remedy is readily achievable.

Designated Accessible Guestroom fitted with a Roll-In Shower

DD.  The roll-in shower opening minimum width does not meet the required size dimensions because access is impeded by the lavatory, in violation of the ADA whose remedy is readily achievable.

EE.  The roll-in shower contains missing and non-compliant grab bars, in violation of the ADA whose remedy is readily achievable.

FF.  The shower controls are not located on the back wall adjacent the fixed shower seat, in violation of the ADA whose remedy is readily achievable.

GG.  The handheld shower sprayer is not equipped with non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

HH.  The roll-in shower has greater than a ½ inch threshold, in violation of the ADA whose remedy is readily achievable.

II.  There are bathroom and guestroom amenities, closet rack, iron, towel rack, towel hooks, and hair dryer, located above the allowable reach range, in violation of the ADA whose remedy is readily achievable.

JJ. The bathroom pocket door requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

KK. The restroom fan requires tight clasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

LL. The guestroom door lacks required maneuvering clearance at the latch side to exit, in violation of the ADA whose remedy is readily achievable.

Accessible Guestrooms and Accommodations

MM. The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers king bed, two queen bed rooms, King Bed Deluxe Rooms, Jacuzzi Suites and King Bed Studio Suite rooms for able bodied patrons. However, patrons who require an accessible suite are limited to the type of a single Queen bed guestroom. This is in violation of the ADA and whose remedy is readily achievable.

Access to Goods and Services

NN. There is not at least 5% of seating and standing dining surfaces that are accessible in the breakfast/lobby area, in violation of the ADA whose remedy is readily achievable.

OO. The business center desk lacks required knee clearance for wheelchair users, in violation of the ADA whose remedy is readily achievable.

PP. There are amenities in the breakfast area located above the allowable reach range, in violation of the ADA whose remedy is readily achievable.

QQ. The lobby registration service counter exceeds 36 inches high and has no lowered portion for use by guests who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

RR. There is not at least 5% of seating dining surfaces that are accessible in the pool area, in violation of the ADA whose remedy is readily achievable.

SS. The fire alarm near the lobby entrance is not accessible due to a trash receptacle blocking its clear floor space, in violation of the ADA whose remedy is readily achievable.

TT. The guest laundry entrance lacks required maneuvering clearance at the latch side, in violation of the ADA whose remedy is readily achievable.

UU. The guest laundry/vending area lacks required clear floor space for a front or parallel approach to access the washer and dryer or the vending machines due to the machines on the opposite wall of each other creating a narrow width, in violation of the ADA whose remedy is readily achievable.

VV. Outdoor picnic tables lack accessible seating, in violation of the ADA whose remedy is readily achievable.

WW. There is not an accessible means of entry to the spa/hot tub, whereas one is required, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures:

XX. The Defendant lacks or has inadequately defined policies and procedures for the assistance of disabled patrons and maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

YY. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Derek Mortland.

17. The discriminatory violations described in Paragraph 16 by the Defendants are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The hotel at issue, as owned, previously owned, or operated by Defendants, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the hotel accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required

11

to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. The Defendants previously owned, currently own or operate a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

25. Defendants have committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The Defendants' acts are willful, severe and ongoing. Upon information and belief, the hotel was originally built by the Defendant commencing in 1995 and granted permits for occupancy in 1996, requiring that it be fully compliant with at minimum the 1991 ADA Standards for Accessible Design. Whereas, the past and current owners of this hotel property discriminate against the Plaintiff by denying accessible transient lodging, failing to survey their own property for compliance with applicable regulations or otherwise surveying and knowingly continuing to operate in violation of the law and complete the necessary removal of the barriers to accessibility encountered by Mr. Mortland when he stayed as an overnight guest at the property.

26. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to

disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff*:

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 - Facsimile
Email: valeriefatica@gmail.com